**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Natalya Barsukova, *on behalf of herself and all others similarly situated*, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Macy's, Inc., | **CLASS ACTION COMPLAINT** |
| Defendant. | |

Plaintiff, Natalya Barsukova, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.     Natalya Barsukova bought a set of earrings from Macy's that Macy's labeled and marketed as "Fine Gold."  However, the earrings were not "Fine Gold."   They were much less valuable sterling silver covered with a micro layer of gold.

2.     Federal Trade Commission ("FTC") rules prohibit the use of the word "Gold" or any abbreviation to describe all or part of any product not composed throughout of gold or a gold alloy.  The use of the word "Gold" or its abbreviation is permitted only if they are "adequately qualified to indicate that the product or part is only surface-plated with gold."

3.     Because Macy's failed to adequately qualify its product descriptions, brings this class action for the damages she and others sustained as a result.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, because Plaintiff seeks class damages exceeding the $5,000,000.00 threshold for federal court jurisdiction.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

6.      Plaintiff is a resident of Swampscott, Massachusetts.

7.      Macy's is a Delaware corporation, headquartered in New York, New York, and regularly engages in business in Massachusetts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.      On or about April 18, 2010, Plaintiff visited the Jewelry Department in a Macy's store located in Burlington, Massachusetts.

9.      She was attracted to a pair of earrings labeled as fine gold.  The earrings had three overlapping loops, each gold in color.

10.     The salesperson ("Hala") confirmed to her that the earrings were in fact gold, regularly priced at $360.00, but discounted to $129.09 due to a "pre-sale" even."

11.     Plaintiff purchased the earrings, Item No. 729367095763 (the "Earrings").

12.     The receipt for the earrings identified them as Item Number 729367095763 – **FINE GOLD JWL.**   The description states: "ss gold ear."

13.     The Quality Mark on the Earrings says: "**Aug. 25…14k**"

14.     Although the Plaintiff did not know it, the earrings were anything but "Fine Gold."

15.     Instead they are a type of "vermeil," a much less valuable sterling silver item covered on the surface with a thin layer of gold or gold alloy.

16.     Two years after the purchase, Plaintiff became concerned when she saw that the earrings showed signs of tarnish and discoloration, with the middle loop on the earrings turning from a gold color to almost completely gray.

2

17.     Plaintiff had the earrings examined by a jeweler who stated that the earrings were only plated with a thin coat of gold, which quickly wore off and tarnished.

18.     In short, it became clear that Macy's sold Ms. Barsukova gold-plated silver, not gold earrings as advertised.

19.     16 C.F.R. 23.4 provides:

> (a) It is unfair or deceptive to misrepresent the presence of gold or gold alloy in an industry product, or the quantity or karat fineness of gold or gold alloy contained in the product, or the karat fineness, thickness, weight ratio, or manner of application of any gold or gold alloy plating, covering, or coating on any surface of an industry product or part thereof.
>
> (b) The following are examples of markings or descriptions that may be misleading:
>
> ***
>
> (3) Use of the word "Gold" or any abbreviation to describe all or part of an industry product that is not composed throughout of gold or a gold alloy, but is surface-plated or coated with gold alloy, unless the word "Gold" or its abbreviation is adequately qualified to indicate that the product or part is only surface-plated.

20.     In violation of the FTC Rules, Macy's misrepresented the quality of the earrings by using the word "Gold" and abbreviations of the word "Gold" to describe the earrings that are not composed throughout of gold or a gold alloy.

21.     Further, Macy's did not qualify the descriptions to meaningfully indicate that the earrings were sterling silver only surface-plated with gold.

## CLASS ACTION ALLEGATIONS

### A. The Class

22.     Plaintiff brings this case as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

23.     Plaintiff believes there are thousands of consumers affected by Macy's fraudulent business practices.  One Internet posting documents the very same problem of which Plaintiff complains:

> Trotted on over to a gold exchange this afternoon expecting to earn a small windfall by selling some old silver and gold.  But instead learned that I'd been duped.
>
> The straight-backed lady examined the goods under a magnifying glass and said that my supposedly gold necklace from Macy's was none other than silver.
>
> "You're the third person who's come in here who thought they bought a gold necklace from Macy's when it was really silver," she said.
>
> "It was in the gold section and listed as gold," the duped customer said.
>
> "Another lady came in here and said that she paid seven-hundred dollars for a gold necklace.  When I looked at it under the magnifying glass, it was stamped with 925, which is the number for silver.  Her face turned red when I told her, but she had the receipt, so she's going to return it.  I wasn't going to buy it from her anyway, not under those conditions."

http://imnotcrazyitsthem.wordpress.com/2011/09/22/a-pox-on-macys/.

24.     The Class of consumers that Plaintiff seeks to protect is defined as:

**Class Definition. All persons who purchased jewelry from Macy's labeled and sold as 'Gold' or 'Fine Gold' that was in fact gold-plated silver or sterling silver.  Excluded from this definition are (a) defendant, its corporate parents, subsidiaries, and affiliates or any person controlled or controlling such excluded persons, including their legal representatives, heir, successors and assigns, and (b) all persons whose claims rose outside the applicable statute of limitations,**

**Subclass A. All persons in Massachusetts who purchased jewelry from Macy's labeled and sold as 'Gold' or 'Fine Gold' that was in fact gold-plated silver or sterling silver. Excluded from this definition are (a) defendant, its corporate parents, subsidiaries, and affiliates or any person controlled or controlling such excluded persons, including their legal representatives, heir, successors and assigns, and (b) all persons whose claims arose outside the applicable statute of limitations,**

A.     **Numerosity**

4

25.     The precise number of class members is unknown at this time and can only be discerned through discovery.  However, upon information and belief, Defendant has sold falsely advertised or labeled jewelry to thousands of consumers nationwide and in Massachusetts.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impractical.

26.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**B.      Common Questions of Law and Fact**

27.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

28.     The following questions of law and fact common to the Class are ripe for determination:

a.   Whether Defendant, in its regular course of business, sells to consumers jewelry which is purported to be "fine gold" but which is actually only surface-plated with a thin layer of gold;

b.   Whether Defendant's actions constitute breach of contract;

c.   Whether Defendant has been unjustly enriched;

d.   Whether Defendant's actions constitute a breach of the duty of good faith and fair dealing;

e.   Whether Defendant's actions violated M.G.L. Chapter 93A, Section 2;

f.   Whether Defendant's actions were fraudulent; and

g.   Whether Plaintiff and the Class were injured by Defendant's unlawful, unfair, and/or fraudulent conduct.

29.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely sells jewelry which is falsely labeled or advertised is true, Plaintiff and the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**C.     Typicality**

30.     Plaintiff's claims are typical of the claims of the Class since each of the claims arises from an identical or substantially similar consumer transaction.

**D.     Protecting the Interests of the Class Members**

31.     Plaintiff will fairly and adequately represent Class interests.

32.     All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

33.     Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

**E.     Proceeding Via Class Action is Superior and Advisable**

34.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

36.     The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action.

37.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

38.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

39.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

### COUNT I
### Breach of Contract
### (On Behalf of All Class Members)

40.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

41.     Macy's entered into contracts with the Plaintiff and other similarly situated consumers for the sale and purchase of  "Fine Gold" jewelry.

42.     Plaintiff and other similarly situated consumers paid to Macy's money for the purchase of fine gold earrings and other fine gold jewelry.

43.     Macy's breached the terms of the contract by selling much less valuable gold-plated silver that it misrepresented as "fine gold" jewelry.

44.     As a result of the foregoing breach, Plaintiff and other members of the Class have sustained damages.

## COUNT II
## Unjust Enrichment
### (On Behalf of All Class Members)

45.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

46.     Macy's was unjustly enriched by selling gold-plated jewelry while representing it as fine gold.

47.      Macy's will be unjustly enriched if it is allowed to retain the monies derived from its wrongful conduct.

48.     As a result of the foregoing, Plaintiff and the other members of the Class have been damaged in an amount to be determined at trial.

## COUNT III
## Breach of Duty of Good Faith and Fair Dealing

49.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

50.     Plaintiff and Macy's had a contractual relationship in which there was an implied duty upon Macy's  to act in good faith and to deal fairly with Plaintiff and other class members.

51.     Macy's breached that duty by failing to deliver goods as promised and advertised.

52.     Plaintiff and class members were denied the benefit of the bargain which they reasonably expected to receive.

53.     Macy's acted in bad faith because, at all relevant times Macy's actually knew that it was selling gold-plated metal, not fine gold, depriving Plaintiff and other class members of the benefit of their bargain.

**COUNT IV**
**(Violation of M.G.L. Chapter 93A, Section 2 - Unfair or Deceptive Practice)**
**As to Sub-Class A**

54.     Plaintiff repeats, realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.     The label on the earrings failed to disclose the earrings were not gold and were only surface-plated.

56.     The sale of the earrings to Plaintiff under the guise that they were "fine gold" was materially deceptive and an unlawful and deceptive trade practice pursuant to M.G.L. Chapter 93A, Section 2.

57.     Macy's violated M.G.L. Chapter 93A, Section 2 by, among other things, expressly providing that the earrings were "fine gold" and by not indicated that the Earrings were only surface-plated gold.

58.     Macy's is in the business of selling jewelry. The deception of marketing and selling surface-plated gold merchandise as "Fine Gold" affects the consuming public.

59.     Macy's conduct with respect to the Plaintiff and the classes violated FTC Rules and Regulations, and as such constitutes an unlawful unfair and deceptive practice.

60.     Defendant violated M.G.L. Chapter 93A, Section 2 willfully and knowingly.

61.     As a result of Defendant's conduct, Plaintiff and the members of the Class have been damaged.

**COUNT V**
**(Fraud)**

62.     Plaintiff repeats, realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

9

63.     Through the label on the Earrings, Macy's falsely represented to the Plaintiff and other consumers that the Earrings were "Fine Gold."

64.     Through the label on the Earrings, Macy's failed to represent that the Earrings were merely surface-plated gold.

65.     Macy's knew in fact the Earrings were not "Fine Gold" and were in fact merely surface-plated gold.

66.     Macy's made the false representation as to the Earrings quality and characteristics to induce the Plaintiff and other consumers to purchase them.

67.     The Plaintiff on other consumers relied on Macy's representations as to the Earrings quality and characteristics when they she purchased the items.

68.     Absent the misrepresentation and reliance the Plaintiff and other consumers would not have purchased the Earrings or other similar gold plated jewelry.

69.     Plaintiff and other similarly situated consumers would not have paid the purchase price or purchased the items in the first instance had the actual quality and true characteristics of the Earrings and other similar jewelry been truthfully disclosed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

(a)     Money damages, in the form of a refund of the full amount paid for any falsely advertised or labeled jewelry;

(b)     Incidental and consequential damages;

(c)     Punitive damages;

(d)     Reasonable attorneys fees;

(e)      Such other and further relief as this Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 10, 2012

Respectfully submitted,

By: */s/ Sergei Lemberg*_____
Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*